Robert W. Freeman, Jr. (Nevada Bar No. 3062)
Robert.Freeman@lewisbrisbois.com
LEWIS BRISBOIS
6385 South Rainbow Boulevard
Suite 600
Las Vegas, NV 89118
Tel: 702.693.1712
Fax: 702.893.3789

M. Scott Incerto (*pro hac vice forthcoming*)
scott.incerto@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Facsimile:  (512) 536-4598

Attorneys for Defendant USAA Casualty Insurance Company

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA – LAS VEGAS

| | |
|---|---|
| HUNTER CAIN, individually and on behalf of all those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> USAA CASUALTY INSURANCE COMPANY, DOES 1 through 10, <br><br> Defendants. | Case No.: <br><br> **USAA CASUALTY INSURANCE COMPANY'S PETITION FOR REMOVAL** <br><br> **(CLASS ACTION FAIRNESS ACT)** |

USAA Petition for Removal.docx

PETITION FOR REMOVAL

## PETITION FOR REMOVAL

Pursuant to 28 U.S.C. §§ 1441(b), 1446, 1453, and the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, codified at 28 U.S.C. § 1332(d), Defendant USAA Casualty Insurance Company ("USAA CIC") hereby provides notice that it removes the civil action styled *Hunter Cain v. USAA Casualty Insurance Company*, Case No. A-21-829884-C (the "State Court Action"), from the Eighth Judicial District Court for Clark County, Nevada, to the United States District Court for the District of Nevada. Attached hereto is the Complaint and Docket Sheet. The grounds for removal are as follows:

**I.    STATE COURT ACTION**

1. On February 23, 2021, Plaintiff Hunter Cain ("Plaintiff") filed the State Court Action against USAA CIC seeking class-wide relief for USAA CIC's purported "failure to provide and charge a fair and appropriate insurance premium and to provide premium reduction to its Nevada automobile insurance policyholders amid the COVID-19 pandemic." (Complaint ("Compl.") ¶ 1.)[1]

2. Plaintiff asserts that the COVID-19 pandemic has led to a "significant drop in driving, collision, and automobile insurance claims [that] will almost certainly continue for the foreseeable future, and for as long as the COVID-19 crisis continues." (*Id.* ¶ 27.) Plaintiff alleges that, as a result, "USAA has and will incur significantly less expenses in claim payments than what was anticipated when the premium was charged," and "has charged and collected an excessive premium to its insureds in the past and into the future." (*Id.* ¶¶ 35-36.)

---

[1] For the purpose of this Petition for Removal only, USAA CIC assumes the truth of the allegations and causes of action set forth in the Complaint. USAA CIC denies that it has any liability to Plaintiff or the class he seeks to represent and denies that Plaintiff or the putative class members are entitled to recover the relief requested in the Complaint. USAA CIC also submits that this action does not satisfy the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

3.	Plaintiff alleges that "[m]any auto insurers have provided what the industry refers to as 'premium relief,'" or "premium refunds or credits," to their policyholders during the COVID-19 pandemic.  (*Id.* ¶¶ 29, 38.)  Plaintiff alleges that USAA CIC "offered a twenty percent (20%) credit for the months of March, April, and May 2020, and a ten percent (10%) credit for the months of June, and July 2020." (*Id.* ¶ 40.)  According to Plaintiff, this credit was "inadequate . . . in light of the COVID-19 pandemic," and USAA CIC "fail[ed] to take into consideration the ongoing decrease in risk due to the decreased volume of vehicle traffic on all road throughout Nevada." (*Id.* ¶ 104.)  Plaintiff alleges that USAA CIC's premium reduction was "insufficient, particularly where driving in the State has declined between forty percent (40%) and seventy percent (70%) depending on the week." (*Id.* ¶¶ 41, 96.)

4.	Based on these allegations, Plaintiff purports to represent a Class of "[a]ll Nevada residents who were automobile insurance policyholders of Defendant USAA as of March 1, 2020, and who have thereafter continued to be USAA automobile insurance policyholders." (*Id.* ¶ 45.) Plaintiff, individually and on behalf of the putative Class, asserts claims against USAA CIC for declaratory relief (NRS § 30.040), breach of contract, breach of the covenant of good faith and fair dealing (contract), bad faith, and violation of Nevada's Deceptive Trade Practice Act (NRS § 598.0903-598.0999).  (*Id.* ¶¶ 52-112.)  Plaintiff seeks declaratory relief, compensatory damages, punitive damages, attorneys' fees and costs, and "such other and further relief as th[e] Court deems just and appropriate." (*Id.* at Prayer for Relief.)

## II.	CLASS ACTION FAIRNESS ACT

5.	This Court has jurisdiction over this action pursuant to CAFA, which was enacted by Congress "with the 'intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications.'" *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019).  CAFA permits removal of class actions filed in state court where: (1) any member

of the putative plaintiff class is a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)(A)); (2) the members of the proposed plaintiff class exceed 100 (28 U.S.C. § 1332(d)(5)(b)); and (3) the aggregate amount in controversy exceeds $5,000,000 (28 U.S.C. §§ 1332(d)(2)).  Each of these elements exists here.

### A. Minimal Diversity

6. In the Complaint, Plaintiff alleges that he "is a resident of the State of Nevada." (Compl. ¶ 4.)  USAA CICI is informed and believes, and on that basis alleges, that Plaintiff is a citizen of the state in which he resides, such that Plaintiff is a citizen of Nevada.  "A party's allegation of minimal diversity may be based on 'information and belief.'" *Ehrman*, 932 F.3d at 1227 (finding that defendant satisfied its burden of pleading minimal diversity under CAFA where it alleged citizenship on information and belief).

7. USAA CIC is a corporation incorporated in Texas with its principal place of business in Texas.  *See* http://di.nv.gov/ins/f?p=112:6:::NO:RP:P6_ORG_ID:699.  For diversity purposes, under CAFA, a corporation is a citizen of the state of its incorporation and the state where its principal place of business is located.  *See* 28 U.S.C. §§ 1332(c)(1).

8. Because Plaintiff is a citizen of Nevada, and USAA is a citizen of Texas, the parties are minimally diverse under 28 U.S.C. §§ 1332(d)(2)(A).

### B. Numerosity

9. CAFA provides federal jurisdiction over class actions with at least 100 members of the putative class.  Plaintiff purports to represent a class of persons that is statewide in scope and alleges that "there are thousands of members in the proposed Class."  (Compl. ¶¶ 45-46.)

### C. Amount in Controversy

10. To establish jurisdiction under CAFA, the amount in controversy must exceed $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).  Although USAA CIC disputes Plaintiff's entitlement to

any remedy or damages in any amount, in light of Plaintiff's allegations, the amount in controversy exceeds the $5,000,000 monetary threshold.

11.  Where, as here, a complaint does not specify the amount of damages sought, the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional" amount in controversy threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); 28 U.S.C. § 1446(c)(2)(B).

12.  The amount in controversy under CAFA "includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Here, Plaintiff seeks to recover for himself and on behalf of a putative class compensatory damages, punitive damages, attorneys' fees and costs, declaratory, and other relief. (*See* Compl. at Prayer for Relief.)

13.  Plaintiff alleges that the COVID-19 pandemic has led to a "significant drop in driving, collision, and automobile insurance claims [that] will almost certainly continue for the foreseeable future, and for as long as the COVID-19 crisis continues." (*Id.* ¶ 27.) Plaintiff asserts that the premium credits offered by USAA CIC—twenty percent (20%) for the months of March, April, and May 2020, and ten percent (10%) for the months of June and July 2020—are "inadequate" and "insufficient, particularly where driving in the State has declined between forty percent (40%) and seventy percent (70%) depending on the week." (*See, e.g., id.* ¶¶ 41, 96, 104.) In effect, Plaintiff claims that USAA should have paid a higher credit—presumably, dividends of 40 to 70 percent of premiums—since at least March 2020, and for the foreseeable future. Plaintiff has sued USAA CIC and ten "John Does" that it alleges are "insurance companies that fall within the USAA umbrella that provide policies of automobile insurance to Nevada residents." (*Id.* ¶ 5) USAA CIC and its affiliates write in excess of $100 million in private passenger automobile

insurance each year in Nevada.  *See, e.g.,* Nevada Division of Insurance's 2019 Insurance Market Report, Exhibit III, available at https://doi.nv.gov/uploadedFiles/doi.nv.gov/Content/News_and_Notices/2019%20Market%20Report_Final.pdf.  The amount Plaintiff seeks to recover thus exceeds the $5,000,000 monetary threshold for the amount in controversy.

14. The Complaint also seeks to recover attorneys' fees, which are properly included in the amount in controversy calculation here.  *See* Compl. ¶¶ 72, 84, 102, 112; Prayer for Relief; *see also Fritsch*, 899 F.3d at 793.  These additional amounts sought, in conjunction with the other purported damages outlined above, only serve to put Plaintiff's claims further above the $5,000,000 threshold.

### III. COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

15. This Petition for Removal is timely because USAA CIC has not yet been served, such that the 30-day deadline for removal has not been triggered.  *See* 28 U.S.C. § 1446(b).

16. Venue is proper in this Court because the United States District Court for the District of Nevada is the federal judicial district embracing the District Court for Clark County, Nevada, where Plaintiff filed this action.  28 U.S.C. §§ 108, 1441(a), 1446(a).

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Petition for Removal is being filed with the Clerk of Court for the Clark County, Nevada.

18. Pursuant to 28 U.S.C. § 1446(d), USAA CIC is providing written notice of the removal of this action to Plaintiff's counsel of record and the Clerk of the District Court for Clark County, Nevada.  No process, pleadings, or orders have been served on USAA CIC.  *See* 28 U.S.C. § 1446(a).

19. By filing this Petition for Removal, USAA CIC does not waive any jurisdictional objection or other defenses available to it at law, in equity, or otherwise.

20. In accordance with Federal Rules of Civil Procedure 4(d) and 81, USAA CIC's responsive pleading is due within 21 days of this removal.

21. The undersigned counsel for USAA CIC has read the foregoing and signs the Petition for Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, USAA hereby removes this action from the District Court for Clark County, to the United States District Court for the District of Nevada.

Dated: March 9, 2021                              Respectfully submitted,

**LEWIS BRISBOIS**

By  /s/ Robert Freeman
    Robert Freeman

    Attorneys for Defendant USAA Casualty Insurance Company

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of NORTON ROSE FULBRIGHT US LLP, and that on this 9th day of March, 2021, I electronically filed and served the foregoing **PETITION FOR REMOVAL** with the Clerk of the Court through Case Management/Electronic Filing System as follows:

Robert T. Eglet
Nevada Bar No. 3402
Cassandra S.M. Cummings
Nevada Bar No. 11944
Eglet Adams
CMPL
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Telephone: (702) 450-5400
Fax: (702) 450-5451
eservice@egletlaw.com

Matthew L. Sharp
Nevada Bar No. 4746
MATTHEW L. SHARP, LTD.
432 Ridge Street
Reno, NV 89501
Telephone: (775) 324-1500
Fax: (775) 284-0675
*Attorneys for Plaintiff*
*State of Nevada*

/s/ Kristen Freeman
Robert Freeman

USAA Petition for Removal.docx

PETITION FOR REMOVAL